IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40042
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMUNDO VALENTIN ROSAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CR-290-ALL
--------------------
August 24, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Raymundo Valentin Rosas appeals his guilty-plea conviction and sentence for knowingly possessing with the intent to transfer unlawfully five or more false identification documents, in violation of 18 U.S.C. § 1028(a)(3). Rosas' sole contention on appeal is that the district court erred in applying U.S.S.G. § 2L2.1, rather than § 2F1.1, to determine Rosas' guideline sentence.

This court reviews a district court's selection of the applicable sentencing guideline de novo. United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Principe, 203 F.3d 849, 851 (5th Cir. 2000). Appendix A of the Sentencing Guidelines identifies both §§ 2F1.1 and 2L2.1 as applicable to violations of § 1028. However, application note 12 to § 2F1.1 states that "[w]here the primary purpose of the offense involved the unlawful production, transfer, possession, or use of identification documents for the purpose of violating, or assisting another to violate, the laws relating to naturalization, citizenship or legal resident status, apply §2L2.1 . . . rather than §2F1.1."

Although the memorandum of the plea agreement between Rosas and the Government neither discussed the nature of Rosas' offense nor included a factual resume, Rosas admitted under oath at his rearraignment hearing that the false identification documents would have been used to get illegal aliens into the United States. Rosas' admission constituted a stipulation in his guilty plea of a fact establishing that the primary purpose of his offense involved the unlawful possession of identification documents for the purpose of assisting another to violate immigration laws. See § 2F1.1, comment. (n.12). The district court thus did not err in applying § 2L2.1 to determine Rosas' guideline sentence. See Principe, 203 F.3d at 853-54; § 1B1.2(a).

AFFIRMED.